UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARGARET S. PATTON, INDIVIDUALLY
AND AS LEGAL REPRESENTATIVE OF THE
HEIRS-AT-LAW OF ORIS RED PATTON, DECEASED             PLAINTIFF

V.                                   CIVIL ACTION NO. 3:07CV653 DPJ-JCS

MOBILE MEDIC AMBULANCE SERVICE, INC.
d/b/a AMERICAN MEDICAL RESPONSE, INC.                  DEFENDANT

ORDER

This wrongful death action is before the Court on motion of Defendant American Medical Response, Inc. ("AMR") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has responded in opposition. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, concludes that Defendant's motion should be granted.

I.   **Facts and Procedural History**

On January 6, 2006, Plaintiff Margaret Patton called 911 and requested emergency services for her husband, Oris Red Patton, who was having difficulty breathing. AMR responded to the call and transported Mr. Patton to the hospital, but regrettably Mr. Patton died. Plaintiff thereafter filed this action in state court against AMR, alleging that it caused or contributed to Mr. Patton's death by failing to render appropriate medical care. Plaintiff makes the following allegations: 1) AMR negligently responded to Plaintiff's call; 2) AMR negligently failed to make sure that the ambulance was properly equipped; 3) AMR negligently trained and supervised its personnel "to administer [ ] emergency cardiac care"; and 4) AMR negligently violated the terms of its contract with Rankin County. Complaint ¶ 15. Plaintiff asserts four "counts" in her

Complaint: bad faith breach of contract, negligent training and supervision, punitive damages, and a "claim for personal damages."

Defendant removed the case to this court and, following discovery, filed the instant motion seeking summary judgment as to all of Plaintiff's claims. Defendant maintains that Plaintiff's claims must fail because she has not come forward with expert testimony to establish 1) the applicable standard of care; 2) that AMR breached that standard care; and 3) that any acts or omissions by AMR proximately caused Mr. Patton's death.

## II.     Analysis

### A.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*,

10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment. *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

B.  Plaintiff's Claims

Plaintiff maintains that her husband's death was the result of AMR's negligent conduct.[1] AMR argues that Plaintiff's claims must fail because she has not produced expert testimony to opine that AMR breached the standard of care or that any such breach was the proximate cause of Mr. Patton's death.

> To recover under a negligence action, a plaintiff has the burden of proof to show by a preponderance of the evidence that the defendant had a legal duty, that the legal duty was breached by the defendant to conform to the required standard of care, that the defendant's breach proximately caused an injury to the plaintiff, and that damages to plaintiff have resulted.

*Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987); *see also Brown v. Baptist Mem'l Hosp. DeSoto, Inc.*, 806 So. 2d 1131, 1134 (Miss. 2002) ("This Court has held that in order to prevail in a medical malpractice action, a plaintiff must establish, by expert testimony, the standard of acceptable professional practice; that the defendant physician deviated from that standard; and

---

[1] Plaintiff's Complaint also asserted claims such as breach of contract. While she did not specifically address such claims in her response, they fail for the same reason as the negligence claim–lack of competent record evidence.

3

that the deviation from the standard of acceptable professional practice was the proximate cause of the injury of which plaintiff complains."). "In Mississippi, expert testimony is required to establish a claim of medical negligence unless the matter at issue is within the common knowledge of laymen." *Terry v. Clinton Health & Rehab Ctr.*, 170 F. Supp. 2d 686, 688 (S.D. Miss. 2000) (granting summary judgment as to claims of negligence in the rendering of care by a nursing home, where the plaintiff failed to designate an expert and admitted that expert testimony was required to establish a prima facie case) (citing *Walker v. Skiwski*, 529 So. 2d 184, 187 (Miss. 1988) (finding claim that physician negligently performed a circumcision required expert medical testimony); *Cole v. Wiggins*, 487 So. 2d 203, 206 (Miss. 1986) (holding no expert testimony required to establish what communication transpired between the patient and doctor)).

The requirement of expert testimony is not limited to medical malpractice actions against physicians. For example, in *Smith v. Gilmore Memorial Hospital*, the Mississippi Supreme Court considered a negligence claim related to a nurse's failure to disclose a physician's mistake. 952 So. 2d 177 (Miss. 2007). The court first observed that "in the absence of a recognized exception, expert testimony is generally required to survive summary judgment." *Id*. at 180 (citations and quotations omitted). The court then acknowledged the "layman's exception" in "'instances where a layman can observe and understand the negligence as a matter of common sense and practical experience.'" *Id.* at 180 (quoting *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997)). However, the court found the layman's exception inapplicable because the nurse made a judgment call. *Id*. at 181; *see also Thomas v. Greenwood Leflore Hosp.*, 970 So. 2d 273, 278 (Miss. Ct. App. 2007) ("Since the standard of care of what a nurse should do in that situation is beyond the knowledge of a layman, expert testimony would be needed."); *Lyons v. Biloxi*

4

*H.M.A., Inc.*, 925 So. 2d 151, 154 (Miss. Ct. App. 2006) (affirming summary judgment and rejecting argument that expert witness was not necessary to establish if physical therapists rendered appropriate assistance**)**.

Here, Plaintiff avers that AMR's employees failed to respond appropriately to the emergency medical call. Based on her own testimony, and that of a friend, Plaintiff asserts that one attendant requested three different medications at the scene, only to be told by the second attendant that the medications were not available. She argues that the attendants did not use a defibrillator and did not administer CPR or oxygen therapy. She further claims that the attendant placed Mr. Patton on the floor, despite Plaintiff's warnings not to do so due to her husband's congestive heart failure.

The Court must first reject Plaintiff's argument that expert testimony is not required merely because her account of the events differs substantially from the accounts of the AMR responders. Simply stated, lay witness testimony is not competent to create a material question of fact as to the standard of care. Even if the facts are as she claims, expert testimony would still be required at the summary judgment stage to determine whether the care she claims her husband received failed to meet the applicable standard. *See Neely v. N. Miss. Med. Ctr., Inc.*, – So. 2d –, 2008 WL 4937900, at * 2 (Miss. Nov. 20, 2008) ("Our case law is clear that in medical malpractice cases, 'negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care.' Failure to produce this evidence dictates that there is no genuine issue of material fact, and therefore, summary judgment was appropriate." (quoting *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996)); *Scales v. Lackey Mem'l Hosp.*, 988 So. 2d 426, 433 (Miss. Ct. App. 2008) ("[A] defendant in a medical malpractice action may

meet its summary judgment burden by pointing out to the court that the plaintiff has failed to produce sworn expert testimony supporting his or her allegations.").

Likewise, the Court must reject Plaintiff's argument that no expert is needed due to the holding in *Browning v. West Calcasieu Cameron Hospital*, 865 So. 2d 795 (La. Ct. App. 2003). *Browning* is not controlling, and even if it was, it is distinguishable from the instant case. There, the plaintiff sued a hospital, in part, for the actions of its EMT's in dealing with a patient who refused to be transported to the hospital. *Id.* The court held that an expert witness was not required where a hospital's protocols "give their EMTs certain guidelines to follow when procuring a patient's refusal" and "[t]hese protocols clearly provide the applicable standard of care." *Id.* at 805. The court noted that under Louisiana precedent, a hospital's negligence could be inferred from a violation of the hospital's written rules or policies, and witness testimony supported the plaintiff's contention that the EMT's "failed to adhere to the hospital's protocols on obtaining and documenting a patient's refusal." *Id.* at 805-06 (citing *Landry v. Clement*, 711 So. 2d 829 (La. Ct. App. 1998)). Here, Plaintiff has alleged negligence in the rendering of emergency medical care, which is clearly distinguishable. The decision as to what medical care to provide a patient in emergency circumstances is a judgment call to be rendered by a professional, and under Mississippi law, expert testimony is required to establish the requisite standard of care. *Smith*, 952 So. 2d 177.

Plaintiff alternatively asks the Court to assume that Defendant's expert, Dr. Frederick Carlton, will testify as to the actions AMR's employees should have taken under the circumstances, and then the jury can consider whether or not the appropriate treatment was

rendered.² This argument fails for two reasons. First, it is Plaintiff's burden at the summary judgment stage to direct the Court to competent record evidence creating a genuine issue of material fact. In the context of negligent medical care, expert testimony is generally required to survive summary judgment, *Smith,* 952 So. 2d at 180, but Plaintiff has offered only conclusory statements, speculation, and legalistic arguments which will not suffice. *TIG Ins. Co.*, 276 F. 3d at 759.

Second, even if the Court assumes that Dr. Carlton will testify as to the appropriate standard of care and that a jury could conclude that AMR employees breached that standard, Plaintiff has still not presented an expert willing to testify that any acts or omissions of AMR were the proximate cause of Mr. Patton's unfortunate death. "Not only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Hubbard v. Wansley*, 954 So. 2d 951, 957 (Miss. 2007) (citations and quotations omitted); *see also Deiorio v. Pensacola Health Trust, Inc.*, 990 So. 2d 804, 807 (Miss. Ct. App. 2008) ("'[T]he expert must also establish that the failure was the proximate cause . . . of the alleged injuries.'" (quoting *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)); *Scales*, 988 So. 2d at 431 (same). Finally, in the context of negligent medical care, a plaintiff must show that "proper treatment would have provided the patient 'with a greater than fifty (50) percent chance of a

---

² Plaintiff also argues that testimony by Dr. Carlton as to the standard of care of ambulance personnel would violate the *Daubert* rule because he is not an ambulance attendant and he did not use "any established standards of care to delineate that type of care which should have been given in this case." Plaintiff's Response at 13. The Court notes that Plaintiff has not filed a motion to strike Dr. Carlton as an expert, she has not filed a motion to exclude his opinions, and she failed to take his deposition during discovery.

better result than was in fact obtained.'" *Hubbard*, 954 So. 2d at 964 (citing *Ladner v. Campbell*, 515 So. 2d 882, 888-89 (Miss. 1987); *Clayton v. Thompson*, 475 So. 2d 439, 445 (Miss. 1985)).  The record in this case fails to establish a material question of fact as to causation.  For this reason alone, summary judgment is required as to all claims.

**III.    Conclusion**

Even in light of differing testimony as to what occurred at the Patton residence, Plaintiff's failure to offer an expert opinion as to the requisite standard of care, or that the failure to meet that standard caused Mr. Patton's death, requires summary judgment in Defendant's favor. Plaintiff's remaining arguments have been considered and rejected by the Court.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE