# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

June 08, 2009

Mr. J T Noblin
Southern District of Mississippi, Jackson
United States District Court
245 E. Capitol Street
Suite 316
Jackson, MS 39201



          No. 09-60044,  Patton v. Mobile Medic, et al
               USDC No. 3:07-CV-653

Enclosed, for the Southern District of Mississippi, Jackson only,
is a copy of the judgment issued as the mandate.

Enclosed, for the Southern District of Mississippi, Jackson only,
is a copy of the court's opinion.

The electronic copy of the record has been recycled.


                    CHARLES R. FULBRUGE III, Clerk

                    By: Misty Fontenot
                    Misty L. Fontenot, Deputy Clerk
                    504-310-7716

cc: (letter only)
       Honorable Daniel P. Jordan III
       Mr. John B Clark
       Mr. Tom R Julian
       Mr. William L Waller Sr.

P.S. to Judge Jordan:  A copy of the opinion was sent to your
office via email the day it was filed.

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS

F I L E D

May 15, 2009

Charles R. Fulbruge III
Clerk

# FOR THE FIFTH CIRCUIT

---

No. 09-60044
Summary Calendar

---

D.C. Docket No. 3:07-CV-653

MARGARET S PATTON, individually and as legal representative of the
heirs-at-law of Oris Red Patton, deceased,

      Plaintiff - Appellant

v.

MOBILE MEDIC AMBULANCE SERVICE INC, doing business as American
Medical Response Inc; JOHN DOES 1-20,

      Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

## J U D G M E N T

    This cause was considered on the record on appeal and the briefs on
file.

    It is ordered and adjudged that the judgment of the District Court is
affirmed.

    IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-
appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 0 8 JUN 2009

A True Copy
Attest     0 8 JUN 2009

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
          Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2009

No. 09-60044
Summary Calendar

Charles R. Fulbruge III
Clerk

MARGARET S PATTON, individually and as legal representative
of the heirs-at-law of Oris Red Patton, deceased

Plaintiff-Appellant

v.

MOBILE MEDIC AMBULANCE SERVICE INC doing business as,
American Medical Response Inc; JOHN DOES 1-20

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-653

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    In this diversity tort case, Margaret S. Patton appeals the district court's
grant of summary judgment to the defendant, the ambulance service that
responded to her late husband's heart attack. We AFFIRM.

    Patton alleged negligence in American Medical Response's ("AMR")
response to the call for service. Specifically, she claimed there had been a failure

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-60044

properly to equip its ambulances and train its employees.  Summary judgment for AMR was entered because Patton had failed to offer expert testimony to establish these matters: (1) the applicable standard of care; (2) that AMR breached that standard of care; and (3) that AMR's conduct was the proximate cause of Mr. Patton's death.

As the district court explained in its well-reasoned opinion, Mississippi law requires the plaintiff in a medical malpractice action to establish these three elements "by expert testimony." *Brown v. Baptist Mem'l Hosp.-DeSoto, Inc.*, 806 So. 2d 1131, 1134 (Miss. 2002). On appeal, Patton argues that the standard of care is not at issue, because the case turns only on contested facts about what the AMR employees actually did at the scene, and what supplies were available on their ambulance.  Accordingly, she claims, this case is not appropriately considered a medical malpractice case at all, and no expert is required.

We find no support for this theory in the Mississippi case law.  There may be factual disagreements between the eyewitnesses, but this does not eliminate the need for an expert witness to testify concerning the standard of care by which AMR and its employees were bound to act, or that any failure to abide by that standard caused Mr. Patton's death.

The facts also do not allow Patton to avoid the need for an expert on the basis of the "layman's exception" for extremely obvious medical errors.  The proper diagnosis and response to a cardiac arrest suffered by a patient with a complex medical history is not within the "obvious" knowledge of lay people. *See Sheffield v. Goodwin*, 740 So. 2d 854, 856 (Miss. 1999).

The judgment of the district court is AFFIRMED.